## Warfel v. Warfel.

*Husband and wife—Non-support—Costs—Division of costs—Case tried by the court without a jury—Act of April 13, 1867.*

1. A prosecution by a wife against her husband for non-support under the Act of April 13, 1867, P. L. 78, is not a criminal prosecution, and the costs may be divided or apportioned between the parties.

2. In such a proceedings, where the case is tried by the court without a jury, the court may direct that each party shall pay his or her own witnesses, and that the court costs shall be equally divided between the parties.

3. It is not proper for the defendant in such a case to impose the fees of incompetent witnesses on the prosecutrix.

Non-support. Q. S. Snyder Co., Dec. Sess., 1922, No. 2.

*A. F. Gilbert*, for plaintiff; *C. P. Ulrich*, for defendant.

Potter, P. J., Jan. 29, 1923.—At December Sessions, 1922, the plaintiff appeared in court as the prosecutrix against the defendant, charging him with the non-support of their two daughters, aged fourteen and ten years, respectively. The case was heard by the court, without a jury, under the Act of April 13, 1867, P. L. 78, after the hearing of which the court directed, *inter alia*, that the costs be equally divided between the prosecutrix and the defendant.

By virtue of this sentence, the defendant claims it to be his right to file his witness bill, which is denied by the plaintiff, and this case is stated by the parties so that this question may be passed upon by the court.

No one will deny the primary liability of the county for Commonwealth costs in criminal cases. But a prosecution for non-support is not a criminal prosecution under the Act of 1867: Terrill *v.* Crawford County, 22 Pa. C. C. Reps. 469; s. c., 8 Dist. R. 169; Extradition Case, 9 Pa. C. C. Reps. 27; Demott *v.* Com., 64 Pa. 302; Com. *v.* Reed, 5 Dist. R. 57.

It is quasi-criminal, brought, not for punishment, but to enforce a duty, viz., that of the support due from husband to wife and children. This dereliction on the part of the husband might, under the Act of July 12, 1919, P. L. 939, partake more of the nature of a crime, but we are not called upon to pass on that question in this connection.

Had we ordered the county to pay the costs, there could be no doubt but that the defendant could not file his witness bill.

There has been much argument regarding the non-liability of the county for the defendant's witness costs, but, inasmuch as we made no order in any way affecting the liability of the county, we fail to see how this argument is in point.

The question here is whether, under the order we made "that the costs be equally divided between the prosecutrix and the defendant," each party can file their witness bill or not.

As we have before herein said, this is not a criminal proceeding. The case was heard before the court, and our finding in the case is entitled to the same weight as the verdict of a jury, had the case been tried out before a jury by indictment under the Act of 1919. Had this case been passed upon by a jury under this act, in making disposition of it, could not the jury, *inter alia*, have divided the costs? Surely so. Then why could not the court do so in disposing of the case? And in the equal division of the costs would be included the witness fees of the witnesses for both the prosecutrix and the defendant. That is what we meant when we directed "that the costs be equally divided between the prosecutrix and the defendant."

Warfel *v.* Warfel.

But, upon argument of the case, it developed that the plaintiff had three or four witnesses to testify in maintaining her side of the case, and that the defendant had eight or ten witnesses, the most of whom were subpœnaed to prove the bad character of the prosecutrix, which could not be admitted as evidence in the present proceeding, and which was not so admitted. Or, in other words, the defendant's witness bill would include the names and fees of witnesses who were incompetent. These the plaintiff should not pay, and in view of this knowledge brought to the court on the argument of the case, we feel constrained to change our former order as follows:

And now, to wit, Jan. 29, 1923, for the reasons given in the foregoing opinion, judgment is entered for the defendant. Each party, however, to pay their own witnesses, and the court costs to be equally divided between them.